NO. 07-00-0385-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2000

_____

ALEX PLASENCIO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13641-0002; HONORABLE ED SELF, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

**ABATEMENT AND REMAND**

Upon a plea of not guilty, appellant Alex Plasencio, Jr. was convicted by a jury of driving while intoxicated, third offense, and punishment was assessed by the trial court at 25 years confinement. A notice of appeal was filed on July 31, 2000, designating appellant as acting pro se, but signed by attorney Jesse Mendez. Then, on August 17,

2000, Mr. Mendez filed, and the trial court granted his motion to withdraw from appellant's case. On September 22, 2000, this Court received a letter from appellant making his intention clear that at no time did he express that he wanted to proceed pro se in this appeal. He was under the impression that attorney David Martinez would be substituted as his counsel back in July. However, he has not received any communication or confirmation that he is represented by counsel. Attached to appellant's letter is a copy of a letter he sent to the Honorable Ed Self requesting that counsel be appointed for him to pursue this appeal. In the interest of justice, we now abate this appeal and remand the cause to the trial court for further proceedings.

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute his appeal, and if so
2. whether appellant is indigent and entitled to appointed counsel.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant desires to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of counsel. If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing counsel. Finally, the trial court shall execute findings of fact,

2

conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Monday, November 13, 2000.

It is so ordered.

Per Curiam

Do not publish.